[Civ. No. 8380. First Appellate District, Division Two.—March 9, 1933.]

GRINNELL COMPANY OF THE PACIFIC (a Corporation), Respondent, v. THOMAS SCOBLE, Appellant.

Alfred J. Harwood for Appellant.

Ira J. Darling for Respondent.

NOURSE, P. J.—Plaintiff sued on a promissory note. The cause was tried without a jury and plaintiff had judgment. The appeal is on typewritten transcripts.

The defendant owned properties in San Francisco and Oakland upon which he was erecting buildings. One Wara was a contractor engaged by defendant in connection with the construction who purchased materials from plaintiff. The defendant believed he owed Wara the amount of the note, but in fact owed him nothing. Wara was indebted to plaintiff in excess of the amount of the note and, at his request, defendant gave the note in suit to plaintiff upon the express understanding that the amount would be credited to Wara's account when paid. A few days after the delivery of the note the defendant discovered his mistake and so notified plaintiff. Thereafter plaintiff extended further credit to Wara far in excess of the amount of the note. This indebtedness had been paid in full by Wara, but the latter refused to pay plaintiff the amount of the note and appeared as a witness for plaintiff in an endeavor to hold defendant upon the note notwithstanding the mistake which is conceded by all parties. The defendant had previously guaranteed in writing a separate account held by plaintiff against Wara, but this was not canceled when the note was executed and it was conceded in the trial that it had no part in this transaction.

The want of consideration passing to the defendant was proved by evidence which was undisputed and that fact is here conceded. But the plaintiff now argues in support of the judgment that there was some forbearance to sue Wara, which, if true, would be a sufficient detriment to plaintiff to constitute a good consideration for the note. The difficulty is that there is not a shred of evidence to support the theory. No suit had been threatened, no agreement to forbear, either express or implied, was made, and, in fact, the plaintiff did sue Wara for the exact amount of the note. The appellant states confidently that no such evidence was offered. We have carefully read the transcript and have found none. The respondent apparently agrees that the evidence was not produced because it rests its theory on an *implied* agreement to forbear. In support of its theory cases are cited where the promisor has requested a forbearance or where a note or mortgage has been renewed. The evidence here is that no forbearance was requested, none was granted, and none was suggested or contemplated by the parties. In those cases where the obligation has been

296

renewed a forbearance is implied because the mere renewal forces a forbearance. But here, with no evidence of an express agreement to forbear, and no evidence upon which an inference could be drawn that there was an implied agreement to do so there is nothing whatever to support the conclusion that there was a consideration for the note.

Judgment reversed.

Sturtevant, J., and Spence, J., concurred.